ANN STILLMAN

V.

RAYMOND PALIS.

*Real Property—Forcible Entry and Detainer—Possession—Description.*

The evidence supporting the judgment of the court below in behalf of the plaintiff in an action of forcible entry and detainer, the same is affirmed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

This is an action of forcible entry and detainer; the facts appearing are, that the appellant and appellee own land adjoining each other, and that the appellee was in possession, when the appellant, claiming title, forcibly entered upon appellee's possession and erected a wire fence, taking the same land particularly described in the amended complaint for which appellee brought suit.

Mr. WILLIAM P. LAUNTZ, for appellant.

Messrs. M. W. SCHAEFFER and J. N. PERRIN, for appellee.

PHILLIPS, J.   The question of ownership or title is not involved and can not be considered in this case.   The description of the land in the complaint is by course and distance and is full and complete.   The judgment follows the complaint, so that the objection taken, that the description of the land in the complaint and judgment is insufficient, can not be sustained.

The evidence shows that appellee was in possession of the premises, and as the question of title is not involved the act of defendant in entering upon that possession and fencing the land under claim of title, can not be sustained; the inva-

sion of appellee's possession being forcible and against his will, he had such possession as would sustain this action.

The instructions for the plaintiff were proper.

The misuse of the pronoun in the first instruction asked by appellant rendered that instruction misleading, so that it was properly refused. The instruction given by the court of its own motion, better stated what was included in the second instruction asked by appellant. The other instructions asked by appellant were properly refused. Appellant's entry being forcible, it was not necessary to make a demand for possession before bringing suit.

The motion of appellant to quash the complaint had been passed on, except as to the amendment setting up the want of notice.

The complaint being for a forcible entry and detainer, and demand for possession not necessary before suit, the motion was properly stricken from the files.

The evidence sustains the verdict and the judgment must be affirmed.

*Judgment affirmed.*